LOZIER *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered February 27, 1922.

RAILROADS—INJURY TO HORSE—LIABILITY.—Where plaintiff's horse was injured while racing ahead of defendant's train, but was cured of that injury and died of a kidney disease not shown to have been connected with the alleged injury, and there is no proof that plaintiff lost the value of the horse's services during the time he suffered from the injury, it was not error to direct a verdict for the defendant, even though the trainmen were negligent in causing the injury.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*E. H. Timmons,* for appellant.

The court erred in directing a verdict for the defendant. 105 Ark. 294; 124 Ark. 376. It was a question for the jury to say from the testimony whether or not the operatives of the train were negligent in not stopping the train before the injury occurred. 81 Ark. 35; 57 Ark. 18.

*Daniel Upthegrove* and *Bridges & Wooldridge,* for appellee.

McCULLOCH, C. J. This is an action to recover damages on account of alleged injury to a horse. At the conclusion of the plaintiff's testimony on the trial of the cause the court gave a peremptory instruction in favor of the defendant.

The injury is alleged to have occurred in Lonoke County, where plaintiff resided, and is said to have been caused by the horse running over a cattle-guard. The horse was on or near the track when a freight train came along, and the horse became frightened and ran down the track and across the cattle-guard. According to the testimony adduced by plaintiff, the train was running at a very low rate of speed—not over 4 miles an hour—and the whistle was being continuously sounded and steam was let off to frighten the horse from the track. The horse continued to run down the track, away from the approaching train until it crossed the cattle-guard

and then left the track. The right-of-way was fenced along there, and there were pools of water on each side of the track. The evidence does not show the distance the train followed the horse after it began running down the track, but one of the witnesses testified that the horse ran something over 100 yards down the track before it reached the cattle-guard, and that the train was within about 120 yards of the horse when it crossed the cattle-guard. The contention of plaintiff is that the train followed the horse down the track far enough for the engineer to have seen that the danger signals would not frighten the horse from the track, and that he ought to have brought the train to a stop, instead of following the horse until it ran into the cattle-guard.

The only testimony tending to show that the horse was injured by running over the cattle-guard was that, after passing over the guard, the horse seemed to limp, and that thereafter he became lame in the foot. There was testimony that the horse became very lame, and that there was inflammation in the frog of the foot. Witnesses testified that the foot became sore, and that on opening it blood and matter ran out.

The injury occurred on February 20, 1921, and the horse died about the first of April. The suit is prosecuted on the theory that the horse died as a result of the injury, but we find no evidence tending to support that theory. All of the witnesses, even the plaintiff himself, testified that the horse died of kidney trouble, and that his foot had gotten entirely well ten days before he died. There is a conflict in the testimony as to the condition of the horse prior to the injury. One witness testified that the horse was in good condition, but one or two of plaintiff's witnesses testified that the horse was practically worthless before the injury—that it was afflicted with kidney trouble at that time and was nearly starved to death. The testimony tends to show that the sore place under the foot was merely local, and there is nothing to indicate that it caused the horse's death or that it

superinduced the disease which caused the death. Nor is there any proof that plaintiff was injured by reason of losing the value of the services of the horse during the time that his foot was sore. He was not working the horse at the time of the injury, and later when he tried to work him he found he was afflicted with kidney trouble and hadn't sufficient strength to give service.

Our conclusion, therefore, is that there is no proof of substantial injury to the horse, and the plaintiff is not entitled to recover any damages. It is unnecessary, therefore, to inquire whether, under the circumstances, the jury might have inferred negligence on the part of the train operatives in their failure to stop the train before the horse reached the cattle-guard.

Affirmed.